## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICIA ILLE, *et. al.*, | Civil No. 03-2092  (JRT/JSM) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

Paul R. Dahlberg, **MESHBESHER & SPENCE**, 416 South Broadway, Rochester, MN 55904, for plaintiff Patricia Ille, as Trustee for the Next-of-Kin of Rebecca Wallace.

Phillip A. Kohl, **CHRISTIAN & PETERSON, P.A.**, 314 South Broadway, Albert Lea, MN 56007, for plaintiff Leo Osbeck, as Trustee for the Next-of-Kin of Kathleen Wallace.

David K. Furness and Ross L. Leuning, **WALBRAN, FURNESS & LEUNING**, 140 East Main Street, P.O. Box 273, Owatonna, MN 55060, for plaintiff Laureen Hohansee, as Trustee for the Next-of-Kin of Robert Wallace.

Patrick J. Sauter, **RIDER, BENNETT**, 2000 Metropolitan Center, 33 South Sixth Street, Suite 4900, Minneapolis, MN 55402, for defendant.

Plaintiffs, trustees for the next-of-kin of individuals killed in an automobile accident, have brought this action for breach of Minnesota's duty of good faith against the defendant, American Family Mutual Insurance Company ("American Family"). Plaintiffs and defendant each move for summary judgment. For the following reasons the Court denies both motions.

**BACKGROUND**

On February 22, 1997, six people, including Lyle Wallace, Robert Wallace, Kathleen Wallace, and Rebecca Wallace, were killed in an automobile accident. Timothy Donaldson and Lyle Wallace were the drivers of two of the three cars involved in the accident. Plaintiffs, the trustees for the next-of-kin of those victims in the Wallace vehicle, brought a wrongful death suit in Minnesota state court against Timothy Donaldson. At the time of the accident, Donaldson was insured by defendant American Family. All three plaintiffs offered to settle their claims with American Family for $60,000, the limit of Donaldson's policy. American Family refused, and the wrongful death action proceeded to a jury trial. In early 2001, the jury found Donaldson thirty-three percent negligent and awarded $4,632,000 to the plaintiffs. Donaldson then assigned his claims against American Family to plaintiffs, including the instant claim that American Family's refusal to settle was in bad faith.

Plaintiffs assert that American Family could not, in good faith, have concluded that Donaldson was not clearly liable for the accident. Further, plaintiffs contend that American Family refused to settle because it relied on erroneous information, failed to adequately investigate the matter, failed to reevaluate the matter as new information became available, inadequately consulted Donaldson, and failed to take into account the size of a potential jury award.

At the time of the accident, Donaldson was driving approximately 50 m.p.h., in a 55 m.p.h. zone, under windy, snowy, slippery conditions while conversing with his passenger. He noticed that the oncoming Wallace vehicle was sliding over the centerline

when his passenger shouted at him, at which point he froze, and considered swerving into the ditch.  Donaldson took his foot off the accelerator and moved toward the road's shoulder.  The accident report states that the "road and weather conditions were a contributing factor to this accident; contributing to Driver #1 [Wallace] losing control of his vehicle." (Dahlberg Aff. Ex. DD.)  Donaldson was not cited for any traffic violations, was not driving under the influence, and was in his lane with his vehicle under control.[1]

American Family's claims supervisor investigated the case and expressed concerns regarding Donaldson's potential liability, stating, "the insured's statement to Highway Patrol could possibly open the door to some liability." (Dahlberg Aff. Ex. CC.)  American Family recognized the estimated value of the three claims to be two to three million dollars.  Ultimately, American Family determined that Donaldson was not liable in any way because there was not time or space for Donaldson to have reacted differently.  The plaintiffs contend that the above evidence clearly indicates liability on Donaldson's part and assert that $60,000 was a reasonable settlement that American Family was required to accept.[2]

---

[1] At trial, the officers and responding emergency personnel testified that, despite their expertise at high speed driving, they were uncomfortable driving at 50 m.p.h. because of the road conditions.

[2] Plaintiffs also assert additional evidence of Donaldson's liability that was discovered after trial.  Specifically, plaintiffs obtained an affidavit from the accident reconstructionist adding to her earlier opinion and stating that the "accident was the result of several causes acting together, including weather/road conditions, the Wallace vehicle losing control and crossing the centerline, the Donaldson vehicle driving too fast for conditions, failing to maintain a proper lookout, and failing to take reasonable evasive action." (Dahlberg Aff. Ex. BBB).  Plaintiffs contend that American Family should have discovered and considered such evidence.

# ANALYSIS

## I.   SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Only disputes over facts that might affect the outcome of the suit under the governing substantive law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not appropriate if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *Id*.

## II.   MINNESOTA'S DUTY OF GOOD FAITH

Minnesota law imposes liability upon an insurer in excess of its policy undertaking when the insurer has control of settlement decisions and fails to exercise good faith in considering offers to settle the claim for an amount within the policy limits. *Short v. Dairyland Ins. Co.*, 334 N.W.2d 384, 387 (Minn. 1983). Minnesota's test of the breach of good faith by an insurer in refusing to settle is that the insurer refused to settle when (1) the insured was clearly liable, and (2) the settlement offer was within the policy limits and the decision not to settle was not based upon reasonable grounds to believe that the

amount demanded was excessive. *Northfield Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 545 N.W.2d 57, 61 (Minn. Ct. App. 1996).

### A.     Clearly liable

After a thorough review of the applicable law, the Court observes that while it is clear that both prongs of Minnesota's test of the breach of good faith by an insurer must be satisfied, no exact definition of the "clearly liable" prong currently exists.  Minnesota cases generally have addressed instances involving an overwhelming presence or absence of liability.  *Compare Short*, 334 N.W.2d 384 (holding that an intoxicated driver who crossed the center line and struck another vehicle was clearly liable) and *Boerger v. Am. General Ins. Co.*, 100 N.W.2d 133 (Minn. 1959) (holding that the heightened liability of a taxicab driver to his passenger satisfied the clear liability requirement when the passenger died as result of the taxicab's collision at an unmarked city intersection) *with Larson v. Anchor Cas. Co.*, 82 N.W.2d 376 (Minn. 1957) (denying insured's clear liability when all evidence available to the insurer indicated no liability).

Minnesota law suggests that the standard is not so strict as to exclude situations in which an insured is clearly, but only partially liable.  For instance, the Minnesota Supreme Court has stated that an insurer has not acted in bad faith by not settling when it "justifiably believed . . . [the underlying action was] *without merit*."  *Northfield Ins. Co.*, 545 N.W.2d at 61 (emphasis added) (internal quotation and citations omitted).  Actions in which an insured is partially liable are not without merit.

In *Jackson v. State Farm Mutual Automobile Insurance Company* the West Virginia Supreme Court interpreted the "reasonably clear" liability standard found in West Virginia's statute regarding unfair claim settlement practices.[3]  600 S.E.2d 346, 353 (W. Va. 2004).  Although the West Virginia standard is arguably less stringent than Minnesota's, the Court nevertheless finds the West Virginia court's analysis helpful.  The *Jackson* court held that "liability is 'reasonably clear' . . . when a reasonable person, with knowledge of the relevant facts and law, would conclude, for good reason, that the defendant [insured] is liable to the plaintiff [injured party]." *Id*. at 353 (citing *Demeo v. State Farm Mutual Automobile Ins. Co.*, 649 N.E.2d 803, 808 (Mass. Ct. App. 1995)).  This is similar to the negligence standard that some courts have adopted, *see*, *e.g.*, *Gen. Cas. Co. of Wis. v. Whipple*, 328 F.2d 353, 355 (7th Cir. 1964), and which a number of courts have equated with bad faith, *see* Bad Faith Actions Liability & Damages § 2:6 n.30 (2004) (citing cases).

Whether Donaldson was "clearly liable" for the February 22, 1997 automobile accident clearly turns on an interpretation of the facts.  Viewed in the light most favorable to the plaintiff, the facts indicate that Donaldson may have at least been clearly liable for some small percentage of the accident because, despite the unfavorable driving conditions, he was conversing with his passenger and driving at or above the speed limit and did not respond as aggressively or quickly as he could have.  Conversely, viewed in

---

[3] West Virginia code 33-11-4(9)(f) states, "No person shall commit or perform with such frequency as to indicate a general business practice any of the following: . . . [n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become *reasonably clear*[.]" (emphasis added).

the light most favorable to the defendant, the facts indicate that Donaldson may not have been clearly liable because he was driving at or below the speed limit, in his lane, with control of his vehicle, and took reasonable evasive action when the Wallace vehicle crossed the centerline. A reasonable jury could find either that Donaldson was or was not clearly liable.

### B.    Reasonable settlement offer

The second prong required to establish an insurance company's breach of good faith is that the settlement offer was within the policy limits and the decision not to settle is not based upon reasonable grounds to believe that the amount demanded is excessive. *Northfield*, 545 N.W.2d at 61. Even where an insured is clearly liable, an insurance company can validly decline an offer of settlement "if it believed in good faith that a settlement at the proposed figure which it was required to contribute was greater than the amount the jury would award as damages." *Boerger*, 100 N.W.2d at 134.

As a jury could conclude that Donaldson was not clearly liable or was clearly liable for only a small portion of the accident, a jury could also conclude that the defendant reasonably believed that the settlement offer was too high. A jury, however, could also determine that, in light of American Family's estimated value of the case, the defendant could not reasonably have believed that $60,000 was greater than what a jury would likely award as damages.

### C. Conclusion

Because a reasonable jury, depending on its interpretation of the facts, could find for either party, summary judgment is not appropriate in favor of either party in this case.

This case will be placed on the Court's next available trial calendar.

### ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for summary judgment [Docket No. 165] is **DENIED**.

2. Defendant's motion for summary judgment [Docket No. 172] is **DENIED**.

DATED: September 8, 2005             s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                             United States District Judge